UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

        Marvin Wamwright

              Debtor

----------------------------------------------------------X
MARVIN WAMWRIGHT,

            Plaintiff

  -  against –

CADLE ROCK JOINT VENTURE, LP
JP MORGAN CHASE, DELSHA 721 FIFTH 45L LLC
MARC BENHURI, MOISES KROITORO
AND BERTHA EPSTEIN,

           Defendants
----------------------------------------------------------X

Chapter 13
CASE NO: 13-43546-ess
**MOTION FOR AN
ORDER TO SHOW
CAUSE**

CASE NO: 13-01529- ess

ALAN C. STEIN, ESQ. affirms the following:

    1)     That I am the recently retained attorney for the Debtor and as such I am familiar with the facts and circumstances heretofore had herein.

    2) That I make this Motion for an Order to Show Cause for this honorable Court to issue an order to impose the automatic stay pursuant to §362 of the United States Bankruptcy Code and stay Delshah 721 Fifth 45k LLC from proceeding in the annexed Landlord/Tenant Action.

    3) Debtor filed a Chapter 13 Bankruptcy case on June 10, 2013.    Debtor Marvin Wamwright is a partner in Imperial Capital, LLC the which was the obligor under a loan note secured in 721 5th Avenue, Apartment 45k, New York 10022.   This property was foreclosed against by CADLE ROCK JOINT VENTURE, LP a co-owner of the referenced property and was

purchased by Delshah 721 Fifth 45k LLC at foreclosure sale the aforesaid condominium.

4) After the filing of the instant Chapter 13 Bankruptcy case, Debtor filed an adversary complaint against various parties including Delshah 721 Fifth 45k LLC who was served on December 2, 2013.   The date Delshah had to interpose an Answer or otherwise move in response to the Adversary Summons and Complaint expired on December 23, 2013.

5) Despite the existence of a co-Debtor stay afforded by 11 USC §362, the defendants in the annexed adversary complaint proceeded with the foreclosure sale on October 31, 2013.   This property was sold at $4,100,000 instead of the full value of $6,500,000.00.

5) This sale was in direct violation of the co-Debtor stay.

6) On or about November 18, 2013, Delshah 721 Fifth 45k, LLC commenced Holdover petition for eviction at the subject premises, which was returnable November 26, 2013 and was subsequently adjourned until January 7, 2014.

7) A copy of the notice of petition and petition is annexed hereto as Exhibit "A". On December 20, 2013, I sent correspondence to counsel on the eviction indicating that they were in violation of the co-Debtor stay and asked them for withdrawal of their proceeding and/or an adjournment so that we could address this matter on January 10, 2014, the next Court date in this matter.   A copy of the letter is annexed hereto as Exhibit "B".   The response of Delshah indicating that they did not believe that the stay applied to them is attached as Exhibit "C". Their letter finds it perplexing that I seek to impose a stay and threatens to seek sanctions and costs upon what they are "confident will be a denial of said motion".

8)   Counsel must not be familiar with a line of cases in the Eastern District of New York stemming from In re Ebadi (Bankr. E.D.N.Y. Mar. 30, 2011) (See attached Exhibit "D". In the Ebadi case, the mortgage holder (who had no notice of the bankruptcy) of the loan was

secured by a mortgage on the property.   Hours before the sale, the Debtor filed a chapter 13 petition and the lender proceeded with the sale and was the successful bidder at foreclosure sale. Then there was an eviction commenced by the purchaser.   Debtor then moved the court to re-open the then closed bankruptcy case, vacate the foreclosure sale as a violation of the stay and award actual and punitive damages.

9)   The Court held that the foreclosure sale was held in violation of the automatic stay, finding that the Debtor's lack of ownership interest in the mortgaged property was irrelevant and the Court stated that the lender should have sought to have Debtor dismissed from bankruptcy or bring a lift stay motion.   It further held that in that case since there was no legitimate attempt to re-organize its debt, punitive damages were not appropriate but that actual damages were recoverable.   In our case, the debtor seeks to re-organize its debt.

10) In our case- almost the same set of facts exist.   Debtor filed a petition for a bankruptcy, there was a sale of property in violation of the automatic stay, an adversary has been commenced to nullify the sale, a subsequent eviction proceeding; a dismissal of the bankruptcy for failure to file certain paperwork; ultimately filing of the appropriate paperwork and a motion to vacate the dismissal returnable on January 10, 2014 before this Court although the case has not been closed.   Based upon the similarity of the facts in our case to the facts of In re Ebadi, the holding should be applied and the eviction should be stayed.

WHEREFORE, Debtor asks that this court affirmatively issue an order to show cause with a stay on the eviction proceeding currently pending in the Civil Court of the County of New York, State of New York scheduled for January 7, 2013 together with any such other, further and different relief as this Court deems just and proper.

Dated: Plainview, New York

January 2, 2014

/s/ Alan C. Stein

ALAN C. STEIN, ESQ (AS2186)
LAW OFFICE OF ALAN C. STEIN, P.C.
479 SOUTH OYSTER BAY ROAD
PLAINVIEW, NY 11803
516-932-1800

At a the Bankruptcy Court of the Eastern District of New York, at the courthouse located at 271C Cadman Plaza East Brooklyn, NY 11201on the _____ day of January 2014.

PRESENT:

        Hon Elizabeth S. Stong

-------------------------------------------------------X    CASE NO: 13-43546-ess

In Re:

        Marvin Wamwright           Chapter 13

                             **ORDER TO SHOW CAUSE**

        Debtors,

-------------------------------------------------------X

MARVIN WAMWRIGHT,

           Plaintiff

-  against –                 CASE NO: 13-01529- ess

CADLE ROCK JOINT VENTURE, LP
JP MORGAN CHASE, DELSHA 721 FIFTH 45L LLC
MARC BENHURI, MOISES KROITORO
AND BERTHA EPSTEIN,

        Defendants

-------------------------------------------------------X

       Upon reading and filing of the Motion for an Order to Show Cause, by Alan C. Stein, Esq., dated the 2nd day of January, 2014 together with all of the pleadings and proceedings heretofore and herein,

       **LET** the Defendant DELSHA 721 FIFTH 45K LLC or their attorneys show cause before this Court at the United States Bankruptcy Court Southern District of New York located the courthouse located at 1 Bowling Green, New York, New York on January    , 2014 at 9:30 o'clock in the before noon of that day, or as soon thereafter as the parties can be heard, why an order should not be made and entered herein as follows:

     Ordering that DELSHA 721 FIFTH 45K LLC, FSB, their attorneys, their agents, servants

or others acting on their behalf be temporarily restrained and prohibited from taking any other or

further action in connection with the eviction of Mel Cooper etal. with regard to the property at 721

Fifth Avenue, Apartment 45K until the further order of this court; and it is further

      **ORDERED** that DELSHA 721 FIFTH 45K LLC, FSB, their attorneys, their agents,

servants or others acting on their behalf be temporarily restrained and prohibited from taking any

other or further action in connection with the eviction of Mel Cooper etal with regard to the

property at 721 Fifth Avenue, Apartment 45K until the further order of this court; and it is further

      **ORDERED** that fax and overnight mail of a copy of this Order and the papers on

which it is granted be performed upon Wenig Saltiel LLP at 26 Court Street Brooklyn, New York

11242 on or before the ___ day of January, 2014.


            ENTER:


            _____
            Elizabeth S. Stong, U.S.B.J.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

       Marvin Wamwright

             Debtor

-------------------------------------------------------X
MARVIN WAMWRIGHT,

           Plaintiff

   -  against –

CADLE ROCK JOINT VENTURE, LP
JP MORGAN CHASE, DELSHA 721 FIFTH 45L LLC
MARC BENHURI, MOISES KROITORO
AND BERTHA EPSTEIN,

           Defendants
-------------------------------------------------------X

Chapter 13
CASE NO: 13-43546-ess

**ORDER ON MOTION**

CASE NO: 13-01529- ess

      WHEREAS a petition for relief pursuant to Title 11 Chapter 13 of the United States Bankruptcy Code was filed on Debtor filed a Chapter 13 Bankruptcy case on June 10, 2013; and

      WHEREAS Debtor Marvin Wamwright is a partner in Imperial Capital, LLC the which was the obligor under a loan note secured in 721 5th Avenue, Apartment 45k, New York 10022 and

      WHEREAS This property was foreclosed against by CADLE ROCK JOINT VENTURE, LP a co-owner of the referenced property and was purchased by Delshah 721 Fifth 45k LLC at foreclosure sale the aforesaid condominium; and

      WHEREAS after the filing of the instant Chapter 13 Bankruptcy case, Debtor filed an adversary complaint against various parties including Delshah 721 Fifth 45k LLC who was served on December 2, 2013 and

      WHEREAS   the date Delshah had to interpose an Answer or otherwise move in

response to the Adversary Summons and Complaint expired on December 23, 2013; and

WHEREAS Despite the existence of a co-Debtor stay afforded by 11 USC §362, the defendants in the annexed adversary complaint proceeded with the foreclosure sale on October 31, 2013 and

WHEREAS on or about November 18, 2013, Delshah 721 Fifth 45k, LLC commenced Holdover petition for eviction at the subject premises, which was returnable November 26, 2013 and was subsequently adjourned until January 7, 2014; and

WHEREAS the eviction proceeding was commenced in violation of the 11 USC §362; and

WHEREAS this Court having held a hearing thereon and having further found after a hearing on the Motion that 1) Sufficient and adequate notice of the motion and the opportunity for a hearing with respect to the Motion was given pursuant to the Federal Rules of Bankruptcy Procedure and as required by Sections 102 and 363 of the United States Bankruptcy Code; no further notice is necessary or required to grant the relief sought in the Motion; 3) No opposition was interposed in response to the motion and 4) good and sufficient cause exists to grant the relief requested in the Motion, it is by the United States Bankruptcy Court for the Eastern District of New York; it is hereby:

**ORDERED** that DELSHA 721 FIFTH 45K LLC, FSB, their attorneys, their agents, servants or others acting on their behalf be temporarily restrained and prohibited from taking any other or further action in connection with the eviction of Mel Cooper etal with regard to the

property at 721 Fifth Avenue, Apartment 45K until the further order of this court.

ENTER:

_____
Elizabeth S. Stong, U.S.B.J.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

————————————————————————X

DELSHAH 721 FIFTH 45K LLC                                INDEX# L&T 88 222/2013

                              Petitioner,

                                                          AMENDED NOTICE OF PETITION
        -against-                                         (Holdover)

MEL COOPER, DAVID S. BERSSON, DAVID COOPER
SARAH C. HILLER, NINA ESIFANOVA, WAYNE COOPER,
"JOHN DOE" "JANE DOE"
721 5th Avenue, Apartment #45K
New York, NY 10022

                              Respondents,

————————————————————————X

        To the respondent(s) above named and described in possession of the premises
hereinafter described or claiming possession thereof:

        **PLEASE TAKE NOTICE** that a hearing at which you must appear will be held at the
Civil Court of the City of New York, in and for the County of New York, at 111 Centre
Street, Pt. __H__ , **Room _523_** , State of New York, on **November 26, 2013 at** _9:30am_
**o'clock** in the forenoon of that day, on the annexed petition of DELSHAH 721 FIFTH 45K
LLC, verified November 18, 2013 which prays for a final judgment of eviction, awarding
petitioner possession of premises described as follows: All rooms, Apartment #45Kin the
premises located at 721 5th Avenue, New York, City of New York as demanded in the
petition which you must answer. Your answer may set forth any defense or
counterclaim if such counterclaim is properly cognizable herein against the petitioner.

        **TAKE NOTICE** also that demand is made in the petition herein for judgment
against you for fair market value for the premises from November 1, 2013 through the
date possession is recovered.

        **TAKE NOTICE** also that if you fail to interpose and establish any defense that you
may have to the allegations of the petition, you may be precluded from asserting such
defense or the claim on which it is based in any other proceeding or action.

        **TAKE NOTICE** that under Section 745 of the Real Property Actions and
proceedings Law, you may be required by the Court to make a deposit of use and
occupancy, or a payment of use and occupancy to petitioner, upon your second
request for an adjournment or if the proceeding is not settled or a final determination
has not been made by the Court within 30 days of the first court appearance. Failure
to comply with an initial deposit or payment order may result in the entry of a final

judgment against you without a trial.  Failure to make subsequent required deposits or payments may result in an immediate trial on the issues raised in your answer.

In the event that you fail to answer or appear, final judgment by default may be entered against you for the relief demanded in the petition.

**TAKE FURTHER NOTICE** that pursuant to Section 743 of the Real Property Actions and Proceedings Law the petitioner hereby demands that your answer, if any, shall be served at least three (3) days before the return date hereof.

Dated: November 18, 2013                        _____CAROL ALT_____
        New York, NY                      Clerk of the Civil Court
                                           of the City of New York

WENIG SALTIEL LLP

26 Court Street, Suite 1200

Brooklyn, NY  11242

(718) 797-5700

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
——————————————————————X

DELSHAH 721 FIFTH 45K LLC                                    L & T INDEX#

                          Petitioner,

                                                            PETITION
          -against-                                         (Holdover Dwelling)

MEL COOPER, DAVID S. BERSSON, DAVID COOPER
SARAH C. HILLER, NINA ESIFANOVA, WAYNE COOPER,
"JOHN DOE", "JANE DOE"
721 5th Avenue, Apartment #45K
New York, NY 10022
                          Respondents,

——————————————————————X

THE PETITION OF <u>DELSHAH 721 FIFTH 45K LLC</u> alleges upon information and belief:

1.    Petitioner is Owner of the premises.

2.    Respondents Mel Cooper, David S. Bersson, David Cooper, Sarah C. Hiller, Nina
      Esifanova, Wayne Cooper, "John Doe" and "Jane Doe" are the licensees of the
      the former owner of record.

3.    The petitioner believes that the respondents are licensees of the former owner of
      record based on conversations with respondents.

4.    The premises from which removal is sought are to be used for residential purposes
      and are described as follows: All rooms, Apartment #45K in the premises located
      at 721 5th Avenue, City of New York situated in the territorial jurisdiction of the Civil
      Court of the County of New York.

5.    The term for which the subject premises were occupied expired on November
      15, 2013 pursuant to service of a Notice to Quit, a true copy of which is annexed
      hereto and incorporated by reference as if fully set forth at length herein.

6.    This proceeding is brought pursuant to RPAPL §713, therefore, Rule 208.42(g) of
      the Uniform Rules for the New York City Civil Court requiring the allegation of a
      multiple dwelling registration are inapplicable.  See <u>Citibank v. Garcia</u>, NYLJ
      11/6/98 p.3 col.3 (AT 2, 1998)

7.    Petitioner lacks written information or notice of any address where the respondent resides, is employed, or has a place of business other than the address of the property sought to be recovered.

8.    The tenancy is not subject to the Rent Stabilization Law as there is no landlord/tenant relationship between the parties, and the apartment in question is a luxury condominium unit located in what is more commonly known as "Trump Tower". Fair market value for the premises is being sought hereunder.

9.    Demand is made for fair market value, which is believed to be $6,500.00 per month, for the premises from November 1, 2013 through the date possession is regained.

Wherefore, Petitioner requests that a final judgment be entered awarding to the petitioner-landlord the possession of the premises together with costs and disbursements of this proceeding and that a warrant of eviction issued to remove the respondent(s) from the possession of the premises.

Dated: November 18, 2013

                                                                        DELSHAH 721 FIFTH 45K LLC
                                                                                        Petitioner

WENIG SALTIEL LLP

26 Court Street, Suite 1200

Brooklyn, NY 11242

(718) 797-5700

# VERIFICATION

STATE OF NEW YORK )
                         ss.:
COUNTY OF KINGS   )

The undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, affirms that the foregoing statements are true under penalties of perjury and pursuant to C.P.L.R.§2106:

That affirmant is the attorney for Petitioner in the foregoing Petition, and that he has read the foregoing Petition and knows the contents thereof, that the same are true to his own knowledge except as to those matters therein stated to be alleged on information and belief and as to those matters he believes them to be true.  The grounds of affirmant's belief are statements and/or records provided by the Petitioner, its agents, and/or employees and contained in the file in the attorney's office.  This verification is made pursuant to Section 741 of the Real Property and Proceedings Law.

Scott F. Loffredo

Dated:  November 18, 2013
         Brooklyn, NY

*AFFIRMATION OF SERVICE*

Index#:

SS.

Scott F. Loffredo, an attorney licensed to practice law in the State of New York, hereby affirms that deponent is not a party to this proceeding, is over 18 years of age and resides at: Kings County, that on **November 1, 2013** at approximately **3:28PM** at **721 5th Avenue, Apartment 45K, New York, NY 10022,** I served **Mel Cooper** with a **Notice to Quit Premises,**

| | |
|---|---|
| PERSONAL SERVICE [ ] | by delivering true copies of each to said Respondent personally, |
| CORPORATION [] | by delivering thereat one true copy of said a person of suitable age and discretion, who signed to accept service. |
| SUBSTITUTED [ **X** ] | by delivering thereat, true copies of each to "Nina Esifanova" personally, a person of suitable age and discretion, who identified herself, and signed to accept service on behalf of Mel Cooper |

Deponent describes the individual served as follows:

| Sex | Skin Color | Hair Color | Age (approx) | Height (approx) | Weight (approx) |
|---|---|---|---|---|---|
| F | **White** | **Brown** | **50-55** | **5'5"** | **130-140lbs** |

**Mailing:** Within one day thereafter, on **November 1 , 2013** by depositing a true copies thereof enclosed in post paid wrappers by regular mail and certified mail, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Mel Cooper
721 5th Avenue, Apartment 45K
New York, NY 10022

Affirmed this 1st day of
November, 2013

Scott F. Loffredo

*AFFIRMATION OF SERVICE*

Index#:

SS.

Scott F. Loffredo, an attorney licensed to practice law in the State of New York, hereby affirms that deponent is not a party to this proceeding, is over 18 years of age and resides at: Kings County, that on **November 1, 2013** at approximately **3:28PM** at **721 5th Avenue, Apartment 45K, New York, NY 10022,** I served **David S. Bersson** with a **Notice to Quit Premises,**

| | |
|---|---|
| PERSONAL SERVICE [ ] | by delivering true copies of each to said Respondent personally, |
| CORPORATION [ ] | by delivering thereat one true copy of said a person of suitable age and discretion, who signed to accept service. |
| SUBSTITUTED [ X ] | by delivering thereat, true copies of each to "Nina Esifanova" personally, a person of suitable age and discretion, who identified herself, and signed to accept service on behalf of David S. Bersson |

Deponent describes the individual served as follows:

| Sex | Skin Color | Hair Color | Age(approx) | Height(approx) | Weight (approx) |
|---|---|---|---|---|---|
| F | **White** | **Brown** | **50-55** | **5'5"** | **130-140lbs** |

**Mailing:** Within one day thereafter, on **November 1 , 2013** by depositing a true copies thereof enclosed in post paid wrappers by regular mail and certified mail, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

David S. Bersson
721 5th Avenue, Apartment 45K
New York, NY 10022

Affirmed this 1st day of
November, 2013

Scott F. Loffredo

*AFFIRMATION OF SERVICE*

Index#:

SS.

Scott F. Loffredo, an attorney licensed to practice law in the State of New York, hereby affirms that deponent is not a party to this proceeding, is over 18 years of age and resides at: Kings County, that on **November 1, 2013** at approximately **3:28PM** at **721 5th Avenue, Apartment 45K, New York, NY 10022,** I served **David Cooper** with a **Notice to Quit Premises,**

| | |
|---|---|
| PERSONAL SERVICE [ ] | by delivering true copies of each to said Respondent personally, |
| CORPORATION [ ] | by delivering thereat one true copy of said a person of suitable age and discretion, who signed to accept service. |
| SUBSTITUTED [ X ] | by delivering thereat, true copies of each to "Nina Esifanova" personally, a person of suitable age and discretion, who identified herself, and signed to accept service on behalf of David Cooper |

Deponent describes the individual served as follows:

| Sex | Skin Color | Hair Color | Age (approx) | Height (approx) | Weight (approx) |
|---|---|---|---|---|---|
| F | **White** | **Brown** | **50-55** | **5'5"** | **130-140lbs** |

**Mailing:** Within one day thereafter, on **November 1, 2013** by depositing a true copies thereof enclosed in post paid wrappers by regular mail and certified mail, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

David Cooper
721 5th Avenue, Apartment 45K
New York, NY 10022

Affirmed this 1st day of
November, 2013

Scott F. Loffredo

*AFFIRMATION OF SERVICE*

Index#:

SS.

Scott F. Loffredo, an attorney licensed to practice law in the State of New York, hereby affirms that deponent is not a party to this proceeding, is over 18 years of age and resides at: Kings County, that on **November 1, 2013** at approximately **3:28PM** at **721 5th Avenue, Apartment 45K, New York, NY 10022**, I served **Sarah C. Hiller** with a **Notice to Quit Premises,**

PERSONAL          by delivering true copies of each to said Respondent
SERVICE            personally,
[ ]

CORPORATION  by delivering thereat one true copy of said
[]                    a person of suitable age and discretion, who signed to
                     accept service.

SUBSTITUTED    by delivering thereat, true copies of each to "Nina Esifanova"
[ **X** ]             personally, a person of suitable age and discretion, who
                     identified herself, and signed to accept service on behalf of
                     Sarah C. Hiller

Deponent describes the individual served as follows:

| Sex | Skin Color | Hair Color | Age (approx) | Height (approx) | Weight (approx) |
|-----|-----------|-----------|-------------|----------------|----------------|
| F | **White** | **Brown** | **50-55** | **5'5"** | **130-140lbs** |

**Mailing:** Within one day thereafter, on **November 1 , 2013** by depositing a true copies thereof enclosed in post paid wrappers by regular mail and certified mail, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Sarah C. Hiller
721 5th Avenue, Apartment 45K
New York, NY 10022

Affirmed this 1st day of
November, 2013

Scott F. Loffredo

AFFIRMATION OF SERVICE

Index#:

SS.

Scott F. Loffredo, an attorney licensed to practice law in the State of New York, hereby affirms that deponent is not a party to this proceeding, is over 18 years of age and resides at: Kings County, that on **November 1, 2013** at approximately **3:28PM** at **721 5th Avenue, Apartment 45K, New York, NY 10022,** I served **Nina Esifanova** with a **Notice to Quit Premises,**

| | |
|---|---|
| PERSONAL SERVICE [ **X** ] | by delivering true copies of each to said Respondent Nina Esifanova personally, who identified herself and signed to accept service. |
| CORPORATION [] | by delivering thereat one true copy of said a person of suitable age and discretion, who signed to accept service. |
| SUBSTITUTED [ ] | by delivering thereat, true copies of each to personally, a person of suitable age and discretion, who |

Deponent describes the individual served as follows:

| Sex | Skin Color | Hair Color | Age (approx) | Height (approx) | Weight (approx) |
|---|---|---|---|---|---|
| **F** | **White** | **Brown** | **50-55** | **5'5"** | **130-140lbs** |

**Mailing:** Within one day thereafter, on **November 1 , 2013** by depositing a true copies thereof enclosed in post paid wrappers by regular mail and certified mail, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Nina Esifanova
721 5th Avenue, Apartment 45K
New York, NY 10022

Affirmed this 1st day of
November, 2013

Scott F. Loffredo

## AFFIRMATION OF SERVICE

Index#:

SS.

Scott F. Loffredo, an attorney licensed to practice law in the State of New York, hereby affirms that deponent is not a party to this proceeding, is over 18 years of age and resides at: Kings County, that on **November 1, 2013** at approximately **3:28PM** at **721 5th Avenue, Apartment 45K, New York, NY 10022,** I served **Wayne Cooper** with a **Notice to Quit Premises,**

PERSONAL        by delivering true copies of each to said Respondent
SERVICE         personally,
[ ]

CORPORATION   by delivering thereat one true copy of said
[]              a person of suitable age and discretion, who signed to
                accept service.

SUBSTITUTED    by delivering thereat, true copies of each to "Nina Esifanova"
[ X ]           personally, a person of suitable age and discretion, who
                identified herself, and signed to accept service on behalf of
                Wayne Cooper

Deponent describes the individual served as follows:

| Sex | Skin Color | Hair Color | Age(approx) | Height(approx) | Weight (approx) |
|-----|-----------|-----------|-------------|----------------|-----------------|
| F | White | Brown | 50-55 | 5'5" | 130-140lbs |

**Mailing:** Within one day thereafter, on **November 1 , 2013** by depositing a true copies thereof enclosed in post paid wrappers by regular mail and certified mail, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Wayne Cooper
721 5th Avenue, Apartment 45K
New York, NY 10022

Affirmed this 1st day of
November, 2013

Scott F. Loffredo

## AFFIRMATION OF SERVICE

Index#:

SS.

Scott F. Loffredo, an attorney licensed to practice law in the State of New York, hereby affirms that deponent is not a party to this proceeding, is over 18 years of age and resides at: Kings County, that on **November 1, 2013** at approximately **3:28PM** at **721 5th Avenue, Apartment 45K, New York, NY 10022**, I served **"John Doe"** with a **Notice to Quit Premises,**

PERSONAL       by delivering true copies of each to said Respondent
SERVICE        personally,
[ ]

CORPORATION    by delivering thereat one true copy of said
[]                 a person of suitable age and discretion, who signed to
               accept service.

SUBSTITUTED    by delivering thereat, true copies of each to "Nina Esifanova"
[ X ]          personally, a person of suitable age and discretion, who
               identified herself, and signed to accept service on behalf of
               "John Doe"

Deponent describes the individual served as follows:

| Sex | Skin Color | Hair Color | Age (approx) | Height (approx) | Weight (approx) |
|-----|-----------|-----------|--------------|-----------------|-----------------|
| F   | White     | Brown     | 50-55        | 5'5"            | 130-140lbs      |

**Mailing:** Within one day thereafter, on **November 1 , 2013** by depositing a true copies thereof enclosed in post paid wrappers by regular mail and certified mail, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

"John Doe"
721 5th Avenue, Apartment 45K
New York, NY 10022

Affirmed this 1st day of
November, 2013

Scott F. Loffredo

## AFFIRMATION OF SERVICE

Index#:

SS.

Scott F. Loffredo, an attorney licensed to practice law in the State of New York, hereby affirms that deponent is not a party to this proceeding, is over 18 years of age and resides at: Kings County, that on **November 1, 2013** at approximately **3:28PM** at **721 5th Avenue, Apartment 45K, New York, NY 10022,** I served **"Jane Doe"** with a **Notice to Quit Premises,**

| | |
|---|---|
| PERSONAL SERVICE [ ] | by delivering true copies of each to said Respondent personally, |
| CORPORATION [] | by delivering thereat one true copy of said a person of suitable age and discretion, who signed to accept service. |
| SUBSTITUTED [ **X** ] | by delivering thereat, true copies of each to "Nina Esifanova" personally, a person of suitable age and discretion, who identified herself, and signed to accept service on behalf of "Jane Doe" |

Deponent describes the individual served as follows:

| Sex | Skin Color | Hair Color | Age (approx) | Height (approx) | Weight (approx) |
|---|---|---|---|---|---|
| F | **White** | **Brown** | **50-55** | **5'5"** | **130-140lbs** |

**Mailing:** Within one day thereafter, on **November 1 , 2013** by depositing a true copies thereof enclosed in post paid wrappers by regular mail and certified mail, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

"Jane Doe"
721 5th Avenue, Apartment 45K
New York, NY 10022

Affirmed this 1st day of
November, 2013

Scott F. Loffredo

# NOTICE TO QUIT PREMISES

TO:    MEL COOPER, DAVID S. BERSSON, DAVID COOPER, SARAH C. HILLER, NINA

ESIFANOVA , WAYNE COOPER, "JOHN DOE", "JANE DOE"

721 5th Avenue, Apartment 45K

New York, NY 10022

*First name of Occupant and/or Underoccupant being fictitious and unknown to*

*petitioner, person(s) intended being in possession of the premises herein*

*described.*

**PLEASE TAKE NOTICE** that the undersigned Owner, the entity entitled to

possession of the premises located at 721 5th Avenue, Apartment 45K, New York, NY

10022 now occupied by you as Licensee, elects to terminate the said license, if any

given to you.

**PLEASE TAKE FURTHER NOTICE** that unless you as said Licensee remove from said

premises on or before **November 15, 2013**, that date being at least 10 (ten) days from

the date this Notice is served upon you, the undersigned will commence summary

proceedings against you under the Real Property and Proceedings Law § 713(7) to

remove you, as Licensee, from the premises.

Dated: Brooklyn, NY

November 1, 2013

Delshah 721 Fifth 45K LLC

By: Michael Shah, member

WENIG SALTIEL LLP

Attorney for Owner

26 Court Street, Suite 1200

Brooklyn, NY 11242

(718) 797-5700

WENIG SALTIEL LLP

---

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

Index No. 88222/2013

---

DELSHAH 721 FIFTH 45K LLC,

                                        Petitioner(s)

                      -against-

MEL COOPER, DAVID S. BERSSON, DAVID
COOPER, SARAH C. HILLER, NINA
ESIFANOVA, WAYNE COOPER,
"JOHN DOE" & "JANE DOE"
721 5th Avenue, Apartment #45K
New York, NY 10022

                                        Respondent(s)

---

*AMENDED NOTICE OF PETITION AND PETITION HOLDOVER*

---

WENIG SALTIEL LLP

Attorney(s) for Petitioner

26 Court Street, Suite 1200
Brooklyn, New York 11242
Phone: (718) 797-5700
Fax: (718) 522-0356

# EXHIBIT "B"

# LAW OFFICE OF ALAN C. STEIN P.C.
### COUNSELORS AT LAW
### 479 SOUTH OYSTER BAY ROAD
### PLAINVIEW, NEW YORK 11803

**ALAN C. STEIN ∗∗**

**MARIA La GATTA**
(Paralegal)

**OF COUNSEL**
STUART L. GASTWIRTH
H. WAYNE MIRSKY∗
SUSAN A. RUBIN

∗ N.Y. AND FLA BARS
∗∗ N.Y. AND CT BARS

**TELEPHONE (516) 932-1800**
**FACSIMILE (516) 932-0220**

HAMPTONS OFFICE
61 MONTAUK HWY
PO BOX 323
QUOGUE, NY 11959
(631) 283-6766

ALL CORRESPONDENCE MUST BE SENT TO
PLAINVIEW

December 20, 2013

BY FAX-718-522-0356
Scott F. Loffredo, Esq.
Wenig Saltiel, LLP
26 Court Street
Suite 1200
Brooklyn, New York 11242

Re  Delshah 721 Fifth 45k LLC v Mel Cooper etal.

Dear Mr. Loffredo:

Please be advised that this office represents Marven Wamwright in a bankruptcy matter that is related to the above captioned matter.

Annexed hereto please find a copy of an adversary complaint which was filed against several parties including your client in a Chapter 13 Bankruptcy proceeding in the United States Bankruptcy Court Eastern District of New York related to Lead Case # 13-43546.

As can be seen by the allegations of the complaint, the date of the filing, the existence of a co-debtor stay authorized by Section 362 of the United States Bankruptcy Code and the date of purchase by your client, all parties have violated the co-debtor stay despite knowledge of the bankruptcy filing.

Furthermore, at this time, despite knowledge that your client is attempting to evict a tenant from the very same apartment which was purchased in violation of the Bankruptcy stay, and your client is aware of same after having been served with an adversary complaint and your client having retained bankruptcy counsel, your offices are electing to proceed with such eviction in complete defiance of the Bankruptcy Code.

Therefore, it is respectfully requested that you either a) agree to withdraw the holdover proceeding; b) agree to adjourn the holdover proceeding pending adjudication of the adversary proceeding or c) this office will have no choice but to bring an Order to Show Cause to stay the landlord/tenant matter in the Bankruptcy Court and seek sanctions against your client and your firm for violation of the Bankruptcy stay.

I am leaving the country from December 21, 2013 to January 1, 2014 but will be available to email and conduct some business during this time.

Please contact me to discuss same either by telephone today or by email during the week at alan@alanstein.net.

Your prompt attention is appreciated.    Thank you for your attention and all courtesies extended to me herein.

Very truly yours,

Alan C. Stein

# EXHIBIT "C"

# WENIG SALTIEL. LLP

### ATTORNEYS AT LAW

26 COURT STREET - SUITE 1200
BROOKLYN, NEW YORK 11242

PHONE: (718) 797-5700
FAX: (718) 522-0356
EMAIL: INFO@LTATTORNEYS.COM

MERYL L. WENIG
JEFFREY L. SALTIEL*

WILLIAM E. BANEY
VIRGINIA GLANDA
SCOTT F. LOFFREDO
DIANA MORGAN°
LESLIE PEREZ-BENNIE
RICHARD A. ROSENZWEIG

*ADMITTED IN NY & NJ
°ADMITTED IN NY & PA

IRA GREENE
OF COUNSEL

ANGELYN D. JOHNSON⁺
OF COUNSEL

⁺ADMITTED IN NY & LA

DANIEL P. PHILLIPS. J.D.

**BY FACSIMILE (516)932-0220 & REGULAR MAIL**

December 24, 2013

Alan C. Stein, Esq.
479 South Oyster Bay Road
Plainview, New York 11803

Re: Delshah 721 Fifth 45K LLC v.
Mel Cooper et. al.
Index No. 88222/2013

Dear Mr. Stein,

Reference is made to your correspondence of December 20, 2013 whereby you indicated that Delshah 721 Fifth 45K LLC, whom this firm represents, is in violation of an automatic stay as set forth in Section 362 of the United States Bankruptcy Code.

Upon review of the documents you later forwarded to this office including the Chapter 13 Petition of Debtor Marven Wamwright, the Schedule A attached to his Petition setting forth his ownership interests in Real Property, and the adversarial complaint filed therein, this office has concluded that there is no such stay.

Letter to Alan Stein, Esq.
Page 2 of 2
December 24, 2013

Specifically, the property in question 721 Fifth Avenue, Apt. 45K, New York, New York, was at no point owned by Judgment Debtor Marven Wamwright. Moreover, Schedule A of the Petition mandating debtor list all real property in which Mr. Wamwright has an interest is consistently devoid of any mention of said property.

As such, it is perplexing under what legal basis you have threatened Delshah 721 Fifth 45K LLC or this firm.

Be advised that should you make any Order to Show Cause as you had threatened to do in your December 20, 2013 letter, this office will have no choice but to seek sanctions and costs upon what I am confident will be an immediate denial of said motion.

Guide Yourself Accordingly,

Scott F. Loffredo

**EXHIBIT "D"**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

Madjid Ebadi,                                     Case No. 10-73702-ast
                                                  Chapter 13

                               Debtor.
-----------------------------------------------------------X

### MEMORANDUM OPINION VACATING FORECLOSURE SALE
### AS VIOLATING THE AUTOMATIC STAY AND
### AWARDING ACTUAL DAMAGES TO DEBTOR

#### Issues Before the Court and Summary of Ruling

Pending before the Court is a motion (the "Motion") filed by Debtor, Madjid Ebadi

("Ebadi" or "Debtor,"), that seeks to reopen Debtor's bankruptcy case under Section 350(b) of

the Bankruptcy Code,[1] in order to have this Court vacate a foreclosure sale (the "Foreclosure

Sale") of certain real property (the "Property")[2] conducted by Lings Property, LLC ("LP" or

"Respondent"). [dkt item 22]   The Motion also seeks an award of actual and punitive damages

for LP's alleged willful violation of the automatic stay, pursuant to Section 362(k)(1) of the

Code. 11 U.S.C. § 362(k)(1).

On November 2, 2010, the Court held a hearing on the Motion, at which Debtor's counsel

and counsel for LP appeared.   The parties agreed that there was no dispute regarding the material

facts in the case.   Those material facts include the following: (1) Debtor did not hold title to the

Property and had no ownership interest in the Property at the time of the Foreclosure Sale;[3] (2)

---

[1] References to the "Bankruptcy Code" or the "Code" are to Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*
[2] The Property is commercial property located at 140 Hoffman Lane, Hauppauge, New York 11788.
[3] In a number of oral and written submissions, Debtor concedes that he had no ownership interest in the Property at the time, and that the argument for finding a stay violation is not based on such an interest.   Despite that, Debtor's submissions continue to mention an ownership interest held by Debtor that is a basis for finding a stay violation.

1


AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

prior to the Petition Date (defined *infra*), Debtor was a guarantor of the debt owed to LP; (3) Debtor had been named as a defendant in a state court foreclosure action and in a judgment under which auspices the Foreclosure Sale was ultimately conducted; (4) the Foreclosure Sale was conducted after this case was commenced; and (5) LP knew of the existence of this bankruptcy case when it conducted the Foreclosure Sale, yet did not seek stay relief prior to conducting the Foreclosure Sale. Based upon these undisputed facts, this Court found cause existed to reopen this case for the limited purpose of determining whether the automatic stay was violated and, if so, what further relief should be granted. On November 3, 2010, this Court entered an order reopening this case, and establishing deadlines for supplemental submissions. [dkt item 30] After an extension of time stipulated to by the parties, the parties timely filed their respective affirmations. [dkt items 35-38] The matter is before the Court on submission.

This Court must decide: (1) whether LP's conducting the Foreclosure Sale violated the automatic stay; (2) if so, whether the sale should be vacated; and (3) if the stay was violated, whether damages should be awarded. For the reasons set forth herein, the Court finds that LP knowingly violated the automatic stay, vacates the Foreclosure Sale, and awards actual damages against LP, to be determined as set forth below. Under the unique facts of this case, however, the Court declines to award punitive damages for LP's knowing violation of the automatic stay.

---

*Compare* Debtor Affirmation in Reply [dkt item 25 ¶ 6] ("The Debtor is not claiming a title ownership interest in the Realty.") *with* Debtor Affirmation in Reply [dkt item 25 ¶ 9]("[H]ere the Debtor is merely seeking to enforce the stay based on his own personal interest in the foreclosed Realty."). However, Debtor's attorney made more specific statements, both written and oral, conceding that Debtor had no ownership interest in the Property, and at no point did Debtor provide a basis for claiming such an ownership interest; therefore, the Court treats this Motion as an argument for finding a stay violation despite Debtor having no ownership interest in the Property.

2

**Jurisdiction**

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G), and (O), and 1334(b), and the Standing Order of Reference in effect in the Eastern District of New York.

**Facts and Background**

The following facts are undisputed.

As of May 14, 2010, the petition date herein (the "Petition Date"), Debtor was the owner of CBC Media Realty ("CBC"). CBC was at all relevant times the owner of the abovementioned Property.

On or about September 26, 2001, CBC executed a Note in favor of Fleet National Bank ("Fleet Bank") for repayment of a loan in the amount of $644,500.00 (the "Note"). As security for repayment of the Note, CBC executed, *inter alia*, a Mortgage and Security Agreement pledging the Property as collateral (the "Mortgage"). Also on September 26, 2001, Debtor executed a Guaranty, under which he personally guaranteed payments of all amounts due under the Note, and performance of all terms and conditions of the Mortgage. [dkt item 22-2, Exh. B]

CBC subsequently defaulted under the Note and Mortgage. On March 4, 2008, Bank of America, N.A. ("BoA"), as successor by merger to Fleet Bank, filed a foreclosure action in the Supreme Court of the State of New York, Suffolk County (the "State Court"), against, *inter alia*, CBC and Ebadi (the "Foreclosure Action"). [dkt item 22-1]  BoA claimed $567,319.32 was due and owing under the Note as of January 3, 2008. [Verified Complaint, dkt item 22-1 ¶ 43]

On March 29, 2010, the State Court entered a Judgment of Foreclosure and Sale (the "Foreclosure Judgment") in favor of LP.[4] [dkt item 22-2, Exh. C] The Foreclosure Judgment provided for the appointment of a foreclosure referee (the "Referee")[5], and set May 14, 2010, 11:00 a.m., as the date and time for the Foreclosure Sale. [dkt item 22-2, Exh. C] The Foreclosure Judgment included a determination that, if the proceeds of the sale were insufficient to satisfy the entire debt owed to LP, including costs and interest, "the plaintiff shall recover from defendants(s) CBC Media Realty, LLC . . . and Madjib Ebadi, the whole deficiency . . . provided a motion for a deficiency judgment shall be made . . . ." [dkt item 22-2, Exh. C]

On May 14, 2010, mere hours before the Foreclosure Sale was scheduled to be held, Ebadi filed this bankruptcy case under Chapter 13 of the Bankruptcy Code. [dkt item 1] Debtor notified LP's attorneys of this bankruptcy filing by facsimile, the transmission of which was confirmed as received by LP's attorneys. Debtor similarly notified the Referee of the bankruptcy filing. Nevertheless, LP, through the Referee, proceeded with the Foreclosure Sale on May 14. The sale resulted in LP acquiring the rights to the Property; however, the parties did not apprise the Court of the high bid amount.

After filing this case, Debtor failed to comply with many of the requirements imposed on him as a chapter 13 debtor, which failures continued. On June 29, 2010, despite having received notices of his filing responsibilities and the effects of his uncured failures to comply, the

---

[4] The Foreclosure Action was commenced by BoA, yet the Foreclosure Judgment was granted in favor of LP. [*Compare* dkt item 22-1 *with* dkt item 22-2, Exh. C] The parties do not detail the chain of events that led to this change in the identity of the parties. The Court need not reach this issue, nor does this discrepancy affect this Court's rulings, as the Motion relates to LP's foreclosure sale, conducted pursuant to a Foreclosure Judgment, which was issued in favor of LP.

[5] *See* N.Y. REAL PROP. ACTS. LAW § 1351(1) (McKinney) ("The judgment shall direct that the mortgaged premises . . . be sold by or under the direction of the sheriff of the county, or a referee."); N.Y. C.P.L.R. 5103 (McKinney) ("Where a judgment or order directs that real property shall be sold, it shall be sold in such manner as the judgment or order may direct in the county where it is situated by the sheriff of that county or by a referee appointed by the court for the purpose.").

bankruptcy case was automatically dismissed under Section 521(i)(1) of the Bankruptcy Code. [dkt item 17]; 11 U.S.C. § 521(i)(1). On July 14, 2010, the bankruptcy case was closed.

On August 24, 2010, CBC was served by attorneys for LP with a ten-day Notice to Quit the Premises, seeking eviction of CBC from the Property.

On September 8, 2010, Debtor filed this Motion. [dkt item 22] He argued that this case should be reopened pursuant to Section 350(b) of the Bankruptcy Code, the Foreclosure Sale should be vacated as violative of the automatic stay of Section 362(a) of the Bankruptcy Code, and actual and punitive damages should be awarded for LP's willful violation of the stay, pursuant to Section 362(k)(1) of the Code. [dkt item 22]; 11 U.S.C. §§ 350(b), 362(a),(k)(1).

As noted, on November 2, 2010, this Court held a hearing at which Debtor's and LP's attorneys appeared. LP conceded that it knew that this bankruptcy case had been filed prior to the Foreclosure Sale. Debtor essentially conceded that this case was not filed with an intent to obtain confirmation of a chapter 13 plan and a discharge, as evidenced by his failure to comply with the most basic filing requirements under Section 521 of the Code. *See* 11 U.S.C. § 521. Debtor also conceded he was not interested in having the case reopened to file, and seek confirmation of, a plan. As noted, this Court granted that part of the Motion seeking to reopen this case and set a supplemental submission deadline. [dkt item 30]

### Discussion

Subject to a number of specific exceptions not applicable here, filing a voluntary bankruptcy petition operates as an automatic stay applicable against all persons and entities, prohibiting, *inter alia*, the continuation of judicial proceedings against the debtor and property of the estate. 11 U.S.C. § 362(a). In the Second Circuit, actions taken in violation of the automatic stay are generally void *ab initio*. *See generally Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d

522, 527 (2d Cir. 1994) (citing *48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc. (In re 48th St. Steakhouse, Inc.),* 835 F.2d 427, 431 (2d Cir. 1987)). Further, an individual debtor injured by a willful violation of the stay can recover actual damages, and in certain circumstances, punitive damages. *See* 11 U.S.C. § 362(k)(1).

This case presents an issue of first impression in the Second Circuit: whether a foreclosure sale under New York law of real property in which a bankruptcy debtor has no ownership interest is a violation of the automatic stay, where the debtor is a guarantor of the underlying debt and a named defendant in a foreclosure judgment. The Court finds that such a foreclosure sale does violate the automatic stay.

In the present case, the automatic stay was in effect on May 14, 2010, prior to the Foreclosure Sale. Although Debtor did not personally hold an ownership interest in the Property sold, LP nonetheless violated the stay by conducting the Foreclosure Sale. The Foreclosure Sale is therefore void, and LP is liable for actual damages. However, even though LP knew that this case had been filed, and is therefore charged with knowing that the automatic stay was in effect, this Court does not conclude that LP acted with maliciousness or that bad faith was shown. Therefore, LP is not liable for punitive damages. Further, this Court is concerned with awarding punitive damages to a debtor who clearly did not file this case with the honest intention of reorganizing his financial affairs or with the desire to obtain a discharge.

### *LP Violated the Automatic Stay*

Section 362(a) of the Bankruptcy Code provides:

> [A] petition filed under . . . this title . . . operates as a stay, applicable to all entities, of—
> (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of

> the case under this title, or to recover a claim against the debtor
> that arose before the commencement of the case under this title;
> . . .
> (6) any act to collect, assess, or recover a claim against the debtor
> that arose before the commencement of the case under this
> title . . . .

11 U.S.C. § 362(a).

LP asserts that it did not violate the stay because the Property was owned by CBC and

not by Debtor. [LP Affirmation in Opposition, dkt item 24 ¶¶ 4-10]  While it is true that CBC

was the owner of the Property, the stay violation at issue here is not based upon Debtor having

an ownership interest in the Property but, rather, on Debtor's being a named defendant in the

Foreclosure Action and in the Foreclosure Judgment, which arose from Debtor's status as a

guarantor of the debt owed by CBC to LP.

Prior to the time Debtor commenced this case, LP had already obtained a Foreclosure

Judgment in which Debtor was a named defendant.  LP continued the Foreclosure Action by

conducting the Foreclosure Sale.  This constitutes both a continuation of a judicial action against

the debtor and a continuation of a judicial action to recover a claim against the debtor, both

violations of the plain language of Section 362(a)(1) of the Code. *See* 11 U.S.C. § 362(a)(1).

In addition, the Foreclosure Judgment specifically provides that if the proceeds from the

Foreclosure Sale are insufficient to pay the full amounts due to LP, LP shall recover the

deficiency from Debtor, provided it makes the appropriate motion.  The Foreclosure Sale could

have, therefore, satisfied the prerequisite condition for collecting a deficiency.  Although the

Foreclosure Sale was not the final step required in order to obtain a deficiency judgment, it was a significant step in a process that could lead to recovery of a deficiency judgment against Debtor.[6]

The Foreclosure Sale also fixed, at least to some extent, the costs related to the sale, which costs could ultimately have been collected from Debtor as part of the deficiency, in accordance with the Foreclosure Judgment.

Under New York law, in order to collect a deficiency judgment, a mortgagee must prove the fair and reasonable market value of the mortgaged premises. N.Y. REAL PROP. ACTS. LAW § 1371(2) (McKinney); 79 N.Y. JUR. 2D MORTGAGES § 806 (Updated 2011). A court determining the fair market value of mortgaged property can take a variety of factors into consideration, including the price actually obtained at the foreclosure sale. 79 N.Y. JUR. 2D MORTGAGES § 809 (Updated 2011) ("The court should receive evidence of the age and construction of the buildings on the premises, the rent received therefore, assessed value, location, condition of repair, and sale price of property of a similar nature in the neighborhood, conditions in the neighborhood which affect the value of property therein, accessibility, and all other elements which may be fairly considered as affecting the market value of real property in a given neighborhood." (quoting *Heiman v. Bishop*, 4 N.E.2d 944, 946 (N.Y. 1936))). *But cf.* 79 N.Y. JUR. 2D MORTGAGES § 810 (Updated 2011) (noting while foreclosure in an ordinary market furnishes some criterion of the value of the realty, an emergency foreclosure with no bidders other than a plaintiff is not a true criterion of value (citing *Central N.Y. Mortg. & Title Co. v. Williams*, 279 N.Y.S. 451 (N.Y. Sup. Ct. 1935))).

---

[6] The record does not indicate whether, in actuality, the Foreclosure Sale generated sufficient funds to cover all amounts due, or whether LP moved, or intends to move, for the imposition of a deficiency judgment. These facts, however, do not alter the Court's analysis of the statute and the ultimate holding herein.

A foreclosure sale also sets the date as of which the fair market value of the property is

determined, if a deficiency is later sought. 79 N.Y. JUR. 2D MORTGAGES § 808 (Updated 2011))

("[T]he court must determine the fair and reasonable market value of the mortgaged premises as

of the date such premises were bid in at auction or such nearest earlier date as there shall have

been any market value thereof." (citing N.Y. REAL PROP. ACTS. LAW § 1371(2) (McKinney))).

Because the Foreclosure Sale is a substantial step in a process that could lead to recovery

of a deficiency judgment from Debtor, it falls within the contours of "any act to collect, assess,[7]

or recover a claim against the debtor," which is prohibited by the automatic stay under Section

362(a)(6) of the Code.[8] 11 U.S.C. § 362(a)(6).[9]

It is a well established principle of bankruptcy law that a creditor is generally not barred

from pursuing collection of a debt from a non-filing co-obligor or guarantor, even if one of the

---

[7] The Court does not reach the issue of whether the Foreclosure Sale is itself an assessment of a future claim against Debtor. *See In re Nw. Automatic Prods., Inc.*, Nos. 4-86-2366, 4-86-2365, 1989 WL 4477, at *2 (Bankr. D. Minn. Jan. 23, 1989) ("When considering that assess is used in conjunction with 'collect' and 'recover', the statute's use of assess is similar to the meaning of levy. The automatic stay prohibits levying of liabilities or extraction of assets, however § 362(a)(6) cannot interfere with the calculation of debts owed, preparation of offers of proof, or the issuance of a notice of tax liability." (citing *In re Fasgo, Inc.*, Civ. A. No. 86-1995, 1986 WL 10817 (E.D. Pa. Sept. 30, 1986))).

[8] Though a stated purpose for the enactment of Section 362(a)(6) is to prevent claimants from harassing a debtor with collection efforts, that does not bar a finding of a stay violation under the plain meaning of that section, absent harassment or even contact with the debtor. *See* S. REP. NO. 95-989, at 50-51 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836-37 ("Paragraph (6) prevents creditors from attempting in any way to collect a prepetition debt. Creditors in consumer cases occasionally telephone debtors to encourage repayment in spite of bankruptcy. Inexperienced, frightened, or ill-counseled debtors may succumb to suggestions to repay notwithstanding their bankruptcy. This provision prevents evasion of the purpose of the bankruptcy laws by sophisticated creditors."); H.R. REP. NO. 95-595, at 342 (1978) (same); *Demel v. Group Benefits Plan for Employees of N. Telecom, Inc.*, No. 07 CV 00189(GBD), 2010 WL 167947, at *2 (S.D.N.Y. Jan. 8, 2010) (citing *Matthews v. Rosene (In re Matthews)*, 739 F.2d 249, 251 (7th Cir. 1984)).

[9] Admittedly, not every act that can be a step in a chain that eventually might lead to collection of a prepetition debt from a debtor is a stay violation under Section 362(a)(6) of the Code. 11 U.S.C. § 362(a)(6); *see also Smith v. Conn. Student Loan Found. (In re Smith)*, 14 B.R. 956, 957 (Bankr. D. Conn. 1981) ("The plaintiff argues that any act whatsoever which is related to the collection of a prepetition debt violates the stay. If that were the case, the mere filing of a proof of claim could be challenged."). The Court does not, and need not, define a test for determining whether a given act is a sufficiently significant or substantial step towards collecting a prepetition claim against a debtor so as to violate the automatic stay under Section 362(a)(6). 11 U.S.C. § 362(a)(6). The Court merely finds that based on the above analysis of the present Foreclosure Sale in the context of the Foreclosure Judgment which included a deficiency provision specifically against Debtor, the instant Foreclosure Sale was significant enough to constitute an act to collect, in violation of Section 362(a)(6). 11 U.S.C. § 362(a)(6).

obligors, or the principal obligor, is a debtor in bankruptcy and is therefore shielded from collection efforts by the automatic stay.[10] *See Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir. 1983) ("It is universally acknowledged that an automatic stay of proceeding accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor."); *Uto v. Job Site Servs., Inc.*, No. CV 10-0529 SJF ETB, 2011 WL 446738, at *1 (E.D.N.Y. Feb. 9, 2011) (citing *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003)); 3 COLLIER ON BANKRUPTCY 362.03[8][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011) ("Section 362(a)(6) stays collection from the debtor. It does not stay actions against sureties to recover property in which the debtor has no interest." (citing *Advanced Ribbons & Office Prods., Inc. v. U.S. Interstate Distrib., Inc. (In re Advanced Ribbons & Office Prods., Inc.)*, 125 B.R. 259, 264 & n.8 (B.A.P. 9th Cir. 1991) and *Smith v. Conn. Student Loan Found. (In re Smith)*, 14 B.R. at 957-58)).

Though at first glance the circumstances in the present case may seem sufficiently analogous to collecting a debt from a non-filing obligor so as to not deem LP's Foreclosure Sale of the Property a stay violation, this case is distinguishable, and the Foreclosure Sale is indeed a stay violation. The stay violation in this case is predicated on LP's actions taken in furtherance of the Foreclosure Judgment against, *inter alia*, Debtor himself. Had LP dismissed Debtor from the Foreclosure Action and removed Debtor from the Foreclosure Judgment prior to the sale going forward, the case would likely have been sufficiently analogous to collecting from a non-

---

[10] One notable exception to this principle is the bar on collection of consumer debts, under certain circumstances, in a Chapter 13, but that exception is not applicable in the present case. 11 U.S.C. § 1301.

filing co-obligor such that LP would likely not have been stayed from collecting from CBC.[11] That is not the case here, though. Here, LP pursued a Foreclosure Judgment against Debtor while Debtor was protected by the automatic stay.

In a letter from LP's attorney to Debtor's attorney dated August 24, 2010, LP stated that because Debtor's bankruptcy was dismissed for lack of compliance with Debtor's obligations under the Code, the foreclosure sale should not be voided. [dkt item 22-3, Exh. I] Several issues are implicated by that basic statement, but none is sufficiently availing to overcome LP's violation of the automatic stay. The Court will address a number of these issues briefly.

The fact that the bankruptcy case was dismissed does not render the stay violation moot. As this Court has recently stated, in the Second Circuit, an action in violation of the automatic stay is void *ab initio*. *See In re Olejnik*, No. 09-76714-AST, 2010 WL 4366183, at *5 (Bankr. E.D.N.Y. Oct. 28, 2010); *see also E. Refractories Co. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172-73 (2d Cir. 1998); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (citing *48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc. (In re 48th St. Steakhouse, Inc.)*, 835 F.2d 427, 431 (2d Cir. 1987) ("[A]ny proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect."); *In re MarketXT Holdings Corp.*, No. 04-12078 (ALG), 2009 WL 2957809, at *3 & n.3 (Bankr. S.D.N.Y. July 20, 2009) (noting split among circuits, stating "the Second Circuit adheres to the view that stay violations are void"); *In re WorldCom, Inc.*, 325 B.R. 511, 519 (Bankr. S.D.N.Y. 2005) ("When an action has been commenced in violation of the stay, that action can only be made legitimate

---

[11] Though note, in certain circumstances the automatic stay does extend to non-bankruptcy co-obligors. *See* 11 U.S.C. § 1301; *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287-88 (2d Cir. 2003) ("The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate. Examples are a claim to establish an obligation of which the debtor is a guarantor, *McCartney v. Integra Nat'l Bank North*, 106 F.3d 506, 510-11 (3d Cir.1997) . . . .").

by an order retroactively validating the action." (citing *In re Enron Corp.*, 306 B.R. 465, 477 (Bankr. S.D.N.Y. 2004)). *Contra Dott v. Metz*, No. CV 96-5462(RJD), 1998 WL 427555, at *1-2 (E.D.N.Y. Jan. 21, 1998) (addressing question whether actions in violation of stay are void or voidable in Second Circuit, concluding they are merely voidable). Although in appropriate circumstances stay violations can be cured *nunc pro tunc*, absent being cured by a court of competent jurisdiction, a foreclosure sale conducted in violation of the automatic stay is void *ab initio* and can be unwound in order to grant relief to the party injured by the stay violation. This motion is not, therefore, moot.

The fact that this bankruptcy case was dismissed for Debtor's lack of compliance with the Bankruptcy Code's filing requirements similarly has little effect on the ultimate determination of whether the stay was in effect at the time of the act at issue. With limited exceptions not applicable here, e.g. Section 362(c)(4) of the Code, a stay of collection actions is automatically in effect upon filing a bankruptcy petition, regardless of whether the debtor subsequently complies with his obligations as a debtor, or whether the case is ultimately dismissed. While a debtor's later conduct may be considered in determining whether to retroactively grant relief from the stay, or in assessing stay violation damages, it does not, on its face, alter the fact that the stay is automatically in effect as of the time the bankruptcy petition is filed.

### The Foreclosure Action Was Not Merely an Action in rem

Under New York law, a foreclosure action can be maintained *in rem*, seeking determinations relating to title alone, or *in personam*, seeking general recovery against individuals or other entities. *FDIC v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999) (citing *Bowery Sav. Bank v. Meadowdale Co.*, 64 N.Y.S.2d 22, 23 (N.Y. Sup. Ct. Sp. Term 1942)); 78 N.Y. JUR. 2D MORTGAGES § 509 (Updated 2011) ("An action to foreclose a mortgage

is an action in equity and is an in rem proceeding." (citing *Reichert v. Stilwell*, 64 N.E. 790 (N.Y. 1902))). The fact that a foreclosure action can be an action *in rem* does not mean, however, that a given foreclosure action is indeed solely *in rem*, and, in fact, many foreclosure actions in New York are not merely *in rem* actions. *In re Ganet Realty Corp.*, 9 F. Supp. 246, 247 (S.D.N.Y. 1935) ("Since [the enactment of the Revised Statutes of 1828] a foreclosure suit in New York is ordinarily both in rem and in personam—in rem for the purpose of realizing on the lien, in personam to obtain personal judgment for any deficiency against the mortgagor and others individually liable for the debt.").

The Foreclosure Action at issue in the present case in fact was not merely an action *in rem* but rather combined the *in rem* foreclosure request with an *in personam* action against CBC, Debtor, and others. Stated otherwise, LP did not merely seek to determine title to a parcel of land owned by CBC, but rather sought, and indeed obtained, a judgment against various entities, ultimately allowing LP to seek a deficiency judgment if the sale proceeds were insufficient to pay the debt secured by the Property.

An *in rem* action against property in which a debtor does not have an ownership interest would likely not run afoul with the automatic stay. *See St. Clair v. Beneficial Mortg. Co. (In re St. Clair)*, 251 B.R. 660 (D.N.J. 2000) (holding that enforcing a foreclosure action, which under New Jersey law was purely *quasi in rem*, on property in which debtor already had no proprietary interest was not stayed by Section 362(a)). As noted above, such an action would likely be governed by the principle that a creditor can generally pursue non-bankrupt obligors freely. An action that is at least partially *in personam* against a debtor, on the other hand, is stayed by the Bankruptcy Code, and continuing such an action constitutes a violation of the automatic stay. 11 U.S.C. § 362(a).

LP argues that under New York law, a plaintiff seeking foreclosure is required to include an *in personam* claim against potential deficiency debtors or the deficiency will be deemed abandoned. This Court agrees that such is generally the law in New York. *See* N.Y. REAL PROP. ACTS. LAW §§ 1301, 1371 (McKinney); 78 N.Y. JUR. 2D MORTGAGES § 437 (Updated 2011). However, the fact that LP had to institute an *in personam* action against Debtor to preserve its right to seek a deficiency judgment does not change the fact that LP continued a prepetition *in personam* action against Debtor postpetition, in violation of the automatic stay. LP should have sought and obtained stay relief from this Court, or removed Debtor from the action, prior to continuing the *in personam* Foreclosure Action, regardless of whether New York law required LP to originally commence an *in personam* action against Debtor.

### The Foreclosure Sale Must Be Vacated

As noted above, in the Second Circuit, an action taken in contravention of the automatic stay is void *ab initio. See generally Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (citing *48th St. Steakhouse, Inc. v. Rockefeller Grp., Inc. (In re 48th St. Steakhouse, Inc.)*, 835 F.2d at 431). This is true even if the violation were done unknowingly. Here, LP does not dispute that it had notice of the pending bankruptcy case prior to the sale.

Under certain circumstances, a bankruptcy court will grant relief from the stay, such as by terminating, annulling, modifying, or conditioning the stay. 11 U.S.C. § 362(d). Generally, annulment of the stay retroactively validates actions taken in contravention of such stay, whereas termination, modification, and conditioning generally take effect only as of the date such relief is granted. *E. Refractories Co. v. Forty Eight Insulations Inc.*, 157 F.3d at 172.

CBC did not explicitly request an annulment or other retroactive modification of the stay. It did, however, extensively argue that its actions should not be deemed a stay violation due to,

*inter alia*, Debtor's non-compliance with the most basic filing requirements and Debtor's tardiness in filing this Motion. [Supplemental Affirmation in Opposition, dkt item 36]  This Court treats these arguments as a request for retroactive stay relief, and will analyze the same, *infra*.

Although granting retroactive relief from the stay undisputedly falls within the powers of a bankruptcy court, courts should use this power sparingly, and only under compelling circumstances. *In re Heating Oil Partners*, No. 3:08-CV-1976 (CSH), 2009 WL 5110838, at *10 n.28 (D. Conn. Dec. 17, 2009) (citing *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 978 (1st Cir. 1997) and *In re Stockwell*, 262 B.R. 275, 281 (Bankr. D. Vt. 2001)).  Courts look at a variety of factors in determining whether to annul a stay. *See, e.g.*, *In re WorldCom, Inc.*, 325 B.R. at 521-22 ("The relevant factors are: (1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay, (2) if the debtor has acted in bad faith, (3) if there was equity in the property of the estate, (4) if the property was necessary for an effective reorganization, (5) if grounds for relief from the stay existed and a motion, if filed, would likely have been granted prior to the automatic stay violation, (6) if failure to grant retroactive relief would cause unnecessary expense to the creditor, and (7) if the creditor has detrimentally changed its position on the basis of the action taken." (citing *In re Stockwell*, 262 B.R. 275, 281 (Bankr. D. Vt. 2001))).

In *In re Olejnik*, this Court issued an order curing a stay violation *nunc pro tunc*, at least partially due to that debtor's non-compliance with his filing requirements and his failure to provide notice of the bankruptcy case to the foreclosing creditor. *See* Order Terminating the Automatic Stay, *In re Olejnik*, No. 09-76714-AST (Bankr. E.D.N.Y. Dec. 15, 2010), ECF dkt item 28.  The circumstances in *Olejnik* were compelling, though.  In *Olejnik*, the debtor did not

list the property that was later foreclosed in his bankruptcy filings and did not notify the mortgagee of the pendency of the bankruptcy case. In addition, *Olejnik* involved a transfer of the property from a third party to the debtor shortly prior to the debtor's filing for bankruptcy protection, and a partial transfer back to the original third-party owner upon dismissal of the bankruptcy case, with neither of the transfers being properly recorded, and without notification to the mortgagee.

Here, LP was undisputedly aware of the bankruptcy case and of the fact that Debtor was a defendant in the Foreclosure Judgment. Even though Debtor did not initially or subsequently comply with his filing requirements, and even if LP's allegations of an incomplete creditor list are indeed true, those facts alone are insufficient bases for justifying a retroactive curing of a knowing stay violation. The Court therefore declines to cure the stay violation. Similarly, LP's allegations that Debtor waited several months before moving to vacate the stay in order to enjoy free occupancy is unavailing when determining whether to cure a prior stay violation.[12] LP could have sought stay relief from this Court before conducting the Foreclosure Sale, yet it did not.

### *Actual and Punitive Damages*

Section 362(k)[13] of the Bankruptcy Code provides that subject to limited exceptions, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

---

[12] Debtor's attorney responded, *inter alia*, that the reason for waiting was that he was unaware that the sale was not already vacated. [Response to Supplemental Affirmation in Opposition, dkt item 38 ¶¶ 10-12] The Court need not resolve this dispute, however, as retroactive stay relief will not be granted.

[13] The relevant provisions that are currently in Section 362(k) were previously in Section 362(h). For purposes of this Memorandum Opinion, this Court finds no reason to distinguish the two subsections and cites to precedent discussing Section 362(k) as well as the prior Section 362(h), interchangeably.

A deliberate action that violates the automatic stay, taken while the violator knew that the stay was in effect, justifies an award of actual damages, with no further showing necessary. *Cyrsen/Montenay Energy Co. v. Esselen Assocs., Inc. (In re Crysen/Montenay Energy Co.)*, 902 F.2d 1098, 1105 (2d Cir. 1990); *In re Robinson*, 228 B.R. 75, 80 n.5 (Bankr. E.D.N.Y. 1998). The action itself being deliberate suffices to constitute a willful violation of the stay, even if the fact that the action would violate the stay was unknown to the offender. *See In re Robinson*, 228 B.R. at 80 n.5; *In re Olejnik*, No. 09-76714-AST, 2010 WL 4366183, at *5 (Bankr. E.D.N.Y. Oct 28, 2010) (citing *In re Bresler*, 119 B.R. 400, 402 (Bankr. E.D.N.Y. 1990)).

In the present case, LP's knowledge of the pending bankruptcy case is undisputed. Even if LP believed it was not violating the stay, that fact does not insulate LP's actions from being a willful violation under Section 362(k)(1) of the Code. *See* 11 U.S.C. § 362(k)(1). That part of the Motion seeking actual damages is therefore granted.

Punitive damages, on the other hand, are only appropriate where the stay violation was conducted in bad faith, with malice, or in a particularly egregious manner. *In re Prusan*, No. 09-49716-CEC, 2010 WL 813778, at *3 (Bankr. E.D.N.Y. March 2, 2010); *Cyrsen/Montenay Energy Co. v. Esselen Assocs., Inc. (In re Crysen/Montenay Energy Co.)*, 902 F.2d at 1105 (noting variance among circuits on whether statute provides for punitive damages for a mere knowing violation, absent malice, and adopting view that maliciousness or bad faith is a necessary criterion for awarding punitive damages).

The Court finds that LP's actions did not involve any such aggravated circumstances that would justify granting punitive damages. Though LP did knowingly violate the stay, such violation was likely due to a mistake of law regarding a foreclosure of property in which Debtor had no ownership interest, thus not indicating bad faith or maliciousness. *Cf. Bank of Am., N.A.*

17

*v. Adomah (In re Adomah)*, 368 B.R. 134, 139 (S.D.N.Y. 2007) ("Moreover, even callous disregard is an insufficient basis upon which to award punitive damages because it does not rise to the level of bad faith or maliciousness." (citing *In re Layton*, 220 B.R. 508, 518 (Bankr. N.D.N.Y. 1998))). As indicated herein, the central issue in this case is one of first impression in this Circuit.

Finally, this Court has significant concerns about awarding punitive damages to this Debtor, who clearly filed this bankruptcy solely to prevent the Foreclosure Sale, with no legitimate intent to reorganize his financial affairs, to obtain a discharge, or to comply with his duties as a Chapter 13 debtor.

For the reasons set forth above, that part of the Motion seeking punitive damages is hereby denied.

### Conclusion

For the reasons set forth herein, the Motion is hereby granted in part and denied in part. To the extent the Motion seeks to deem the Foreclosure Sale of the Property a violation of the automatic stay, the Motion is granted. The Foreclosure Sale is therefore void. The Court also finds that LP is liable for actual damages that resulted from such violation. To the extent the Motion seeks punitive damages for said violation, the Motion is denied. The Movant shall have until April 29, 2011, to submit any further pleadings and affidavits in connection with establishing the amount of actual damages to be ordered. The Respondent shall have until May 13, 2011, to respond to such submissions. The Movant shall then have until May 27, 2011, to

18

rebut such submissions.  Thereafter, the determination regarding actual damages shall be on

submission before the Court.  A separate order hereon shall issue.



Dated: March 30, 2011
       Central Islip, New York

Alan S. Trust
United States Bankruptcy Judge